1  BRYAN CAVE LLP, #00145700
2  Robert W. Shely, #014261
   James D. Smith, #016760
3  Jonathan G. Brinson, #025045
   Two North Central Avenue, Suite 2200
4  Phoenix, Arizona 85004-4406
5  Telephone: (602) 364-7000
   rwshely@bryancave.com
6  jdsmith@bryancave.com
   jonathan.brinson@bryancave.com
7  Attorneys for Defendants
8  Countrywide Financial Corporation;
   Countrywide Home Loans, Inc.; Countrywide
9  Mortgage Ventures, LLC; Countrywide KB Home Loans,
   a series of Countrywide Mortgage Ventures, LLC;
10 LandSafe, Inc.; and LandSafe Appraisal Services, Inc.
11

12 **IN THE UNITED STATES DISTRICT COURT**
   **FOR THE DISTRICT OF ARIZONA**
13

14 NATHANIEL JOHNSON and KRISTEN           CV-09-972-PHX-FJM
   PETRILLI; ABRAHAM NIETO; GLORIA
15 and CHARLES LEWIS; FABIAN and
   MARIA PATRON, on behalf of themselves
16 and all others similarly situated,

17        Plaintiffs,

18     vs.                                  **JOINT PROPOSED CASE**
                                            **MANAGEMENT PLAN**
19
   KB HOME, a Delaware corporation;
20 COUNTRYWIDE FINANCIAL
   CORPORATION, a Delaware corporation,
21 COUNTRYWIDE HOME LOANS, INC., a
   New York corporation; COUNTRYWIDE
22 MORTGAGE VENTURES, LLC, a Delaware
   company; COUNTRYWIDE-KB HOME
23 LOANS, an unincorporated association of
   unknown form; LANDSAFE, INC., a
24 Delaware corporation; LANDSAFE
   APPRAISAL SERVICES, INC., a California
25 corporation; and DOES 1 through 1000,
26

27        Defendants.
28

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

Plaintiffs Nathaniel Johnson, Kristen Petrilli, Abraham Nieto, Gloria Lewis, Charles Lewis, Fabian Patron and Maria Patron ("Plaintiffs"), and Defendants Countrywide Financial Corporation, Countrywide Home Loans, Inc., Countrywide Mortgage Ventures, LLC, Countrywide KB Home Loans, LandSafe, Inc., and LandSafe Appraisal Services, Inc. (collectively "Countrywide/LandSafe Defendants"), and Defendant KB Home ("KB Home"), through their respective undersigned counsel, have conferred and submit this Joint Case Management Plan pursuant to Federal Rule of Civil Procedure 26(f) and this Court's May 28, 2009 Order.

## I.   NATURE OF THE CASE

### A.   Plaintiffs' Statement:

Plaintiffs allege that through the "Inflated Appraisal Scheme," the KB-Countrywide Criminal Enterprise controlled the appraisal process for new homes in KB Home developments.  When a customer wanted to purchase a house from KB Home, he/she was typically required and/or steered to complete a loan application from Countrywide (which purported to act as a loan broker for the Countrywide-KB joint venture).  Countrywide would order an appraisal for the property from its complicit partner LandSafe.  When an order for an appraisal on a KB Home went to LandSafe, it was routed to a single person at LandSafe, that individual assigned appraisals of KB Home properties to a small group of appraisers who had been specifically approved for each development by KB Home due to their willingness to "play-ball," *i.e.*, come in with the appraisal at whatever number was necessary to close the deal at the price desired by Countrywide-KB.

Thus, in order to ensure that Plaintiffs' and Class members' home transactions would occur at inflated contracted prices for KB homes, the KB-Countrywide Criminal Enterprise steered Plaintiffs and Class members to its complicit appraisers who were under direct instruction to value homes at or above the contract price even if it meant completing appraisals in violation of regulatory guidelines and requirements pertaining to appraisals.

The Defendants' violations of federal law and their pattern of racketeering activity have directly and proximately caused Plaintiffs and members of the Class to be injured in

their business or property because Plaintiffs have (1) overpaid for their house; (2) would not have entered into the purchase at the contract price if a proper appraisal had been prepared; (3) have overpaid principal and interest; and (4) have in certain cases suffered foreclosure.

### B.   Countrywide/LandSafe Defendants' Statement:

Plaintiffs allege claims under RICO, California's UCL, and Unjust Enrichment based on the factually and legally erroneous premise that they relied on property appraisals conducted a year after they signed contracts with Defendant KB Home.  The purchase contracts, however, do not contain "contingency provisions" based on a later appraisal. Accordingly, Plaintiffs cannot claim that these appraisals, even if erroneous (which they are not), caused any damages.  Kuehn v. Stanley, 91 P.3d 346, 350 (Ariz. App. 2004) (summarily dismissing claims where plaintiffs "were already contractually bound to purchase the property, contingent upon qualifying for funding, before they received the appraisal"); Sage v. Blagg Appraisal Co., 2009 WL 1160091, *3 (Ariz. App. Apr. 30, 2009) (reversing summary judgment for appraiser because, "[w]hile the plaintiffs in Kuehn were contractually bound before they received the appraisal, [plaintiff]'s contract expressly empowered her to cancel if the property did not appraise at the purchase price or greater").

### C.   Defendant KB Home's Statement:

KB Home built Plaintiffs' homes.  As the builder, however, KB Home did not finance Plaintiffs' mortgage loans nor conduct the appraisals that related to those loans.  In fact, none of the Defendants named in this action actually appraised Plaintiffs' homes.  KB Home is therefore at a loss to explain why it has been named as a defendant in this action alleging appraisal fraud in connection with home loans.  Not only does Plaintiffs' complaint lack adequate factual allegations of KB Home's involvement in the alleged wrongdoing, the complaint is legally defective and should be dismissed for the reasons outlined in section II.C of this joint statement.

While the real estate market was robust, neither KB Home, the larger business community nor home buyers thought it probable that home values would suffer the sharp

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

651664.03

declines that they have.  Plaintiffs are seeking to blame someone else for the loss in value of their homes, and their claims effectively seek to make KB Home and others (but not themselves) guarantors of the unprecedented collapse of the real estate markets.

## II.    ELEMENTS OF PROOF AND AFFIRMATIVE DEFENSES.

### A.    Plaintiffs.

a.    Whether Defendants created and implemented the Inflated Appraisal Scheme;

b.    Whether Defendants used the wires and mails to further the Inflated Appraisal Scheme;

c.    Whether Defendants' wrongful conduct resulted in economic damage to Plaintiffs and members of the Class, and the amount of said damages;

d.    Whether and the extent to which Defendants required appraisers to submit appraisals at the contract price of KB homes;

e.    Whether the Court can enter declaratory and injunctive relief; and

f.    The proper measure of disgorgement and/or actual and/or punitive damages and/or restitution.

### B.    Countrywide/LandSafe Defendants.

Plaintiffs fail to state a claim upon which relief can be granted.  Fed R. Civ. P. 12(b)(6).  They likewise failed to plead sufficient facts establishing "facial plausibility"; that is, they failed to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Additionally, Arizona choice of law principles apply to Plaintiffs' state law claims (Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487 (1941)), and Arizona follows the Restatement (Second) Conflict of Law (1971).  Under Restatement § 148, Arizona substantive law applies to any state law claims.  A one-year limitations period governs Arizona consumer fraud claims, making Plaintiffs' claims untimely.  See, e.g., Alaface v. Nat'l Inv. Co., 892 P.2d 1375, 1380 (Ariz. App. 1994) (one-year limitations

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

3

period applies to Arizona consumer fraud claims).

Last, Countrywide joins in KB Home's statement.

## C.    Defendant KB Home.

Plaintiffs' RICO claims (Counts I & II) should be dismissed for at least three reasons: (1) they are precluded by the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, a statute that specifically governs improper real estate appraisals but which Plaintiffs attempt to circumvent (because a RESPA claim is now time-barred); (2) they are barred by the Private Securities Litigation Reform Act, Pub. L. No. 104-67, § 107, 109 Stat. 737 (1995), because the fundamental feature of Plaintiffs' alleged scheme is that the purportedly inflated loans were profitable because they could be sold on the secondary securities market; and (3) they have not been pled with particularity, especially as to KB Home. See Swartz v. KPMG, 476 F.3d 756 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint merely to lump multiple defendants together but require[s] plaintiffs to differentiate their allegations . . . an inform each defendant separately of the allegations surrounding his alleged participation in the fraud.").

Plaintiffs' California UCL claim (Count III) represents an improper attempt to circumvent the remedies available under Arizona law. The California UCL has no extraterritorial application and thus has no place in this Arizona action. In any event, the claim must be dismissed on the merits because the alleged conduct is expressly permitted by RESPA's safe harbor, 12 U.S.C. § 2607(c), and therefore cannot constitute an "unfair" business practice under California law. Plaintiffs also fail to show how the alleged conduct is otherwise "unlawful" or "fraudulent."

Lastly, Plaintiffs' unjust enrichment claim (Count IV) must be dismissed because there is an express contract at issue between the parties – namely, the purchase agreement with KB Home and the loan documentation with Countrywide. Unjust enrichment is also unavailable where plaintiffs also have an adequate remedy at law, which RESPA provides here, even though Plaintiffs failed to file suit within the required time frame.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

## III.     FACTUAL AND LEGAL ISSUES GENUINELY IN DISPUTE

### A.     Plaintiffs' Statement:

a.     Whether Defendants created and implemented the Inflated Appraisal Scheme;

b.     Whether Defendants used the wires and mails to further the Inflated Appraisal Scheme;

c.     Whether Defendants violated RICO and state law;

d.     Whether the statute of limitation for Plaintiffs' and the class members' RICO claims should be properly tolled;

e.     Whether Defendants should be estopped from relying on the statute of limitation for Plaintiffs' RICO claims;

f.     Whether Defendants' wrongful conduct resulted in economic damage to Plaintiffs and members of the Class, and the amount of said damages;

g.     Whether and the extent to which Defendants required appraisers to submit appraisals at the contract price of KB homes;

h.     whether the Court can enter declaratory and injunctive relief; and

i.     the proper measure of disgorgement and/or actual and/or punitive damages and/or restitution.

### B.     Countrywide/LandSafe Defendants' Statement:

#### 1.     Factual Issues

a.     Whether Defendants caused the decline in Plaintiffs' home values.

b.     Whether Defendants entered into a scheme to inflate home prices.

c.     Whether each Plaintiff relied on alleged misrepresentations by Defendant(s).

d.     Whether Defendants committed unlawful, unfair, or deceptive conduct in violation of any state's consumer protection or unfair trade practices statute.

e.     Whether Defendants committed the predicate acts and operated an enterprise required under RICO.

f.     Whether Plaintiffs can prove that they suffered damages caused by

651664.03

Defendants' alleged actions and, if so, the amount.

2.    **Legal Issues**

a.    What jurisdiction's law governs Plaintiffs' state law claims.

b.    Whether Plaintiffs' claims are time-barred.

c.    Whether Defendants committed unlawful, unfair, or deceptive conduct in violation of any state's consumer protection or unfair trade practices statute.

d.    Whether Plaintiffs adequately alleged and can prove a RICO claim.

e.    Whether Plaintiffs have standing to bring their claims.

f.    Whether Plaintiffs' unjust enrichment claim fails due to the existence of a contract governing the parties' relationship(s).

g.    Whether Plaintiffs can establish the elements of Rule 23(b)(2) & (3).

**C.    Defendant KB Home's Statement:**

KB Home joins the Countrywide and LandSafe Defendants' statement and provides the following additional factual issues:

a.    What involvement, if any, did KB Home employees have in the selection of lenders, appraisers, escrow companies or other real estate settlement service providers for its customers?

b.    What involvement, if any, did KB Home employees have in the appraisal process for the homes at issue?

**IV.    JURISDICTIONAL BASIS OF THE CASE**

**A.    Jurisdictional Statutes**

The United States District Court for the District of Arizona has jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1332(d)(2) (Class Action Fairness Act).

**B.    Description of the Parties**

1.    Plaintiffs Nathaniel Johnson, Kristen Petrilli, Abraham Nieto, Charles Lewis, Gloria Lewis, Fabian Patron and Maria Patron are citizens of Arizona.

2.    Defendant KB Home is a Delaware corporation with its principal place of business in California.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

651664.03

3.     Defendant Countrywide Financial Corporation is a Delaware corporation with its principal place of business in California.

4.     Defendant Countrywide Home Loans, Inc. is a New York corporation with its principal place of business in California.

5.     Defendant Countrywide Mortgage Ventures, LLC is a Delaware limited liability company with its principal place of business in California.

6.     Defendant Countrywide KB Home Loans a Series of Countrywide Mortgage Ventures LLC, was a joint venture between KB Home Ventures LLC (50% interest) and Countrywide Management Corporation (50% interest).

7.     Defendant LandSafe, Inc. is a Delaware corporation with its principal place of business in Texas.

8.     Defendant LandSafe Appraisal Services, Inc. is a California corporation with its principal place of business in Texas.

**V.    PARTIES THAT HAVE NOT BEEN SERVED OR FILED AN ANSWER OR APPEARANCE**

Does 1-1000, which are fictitious parties.

**VI.   NAMES OF PARTIES NOT SUBJECT TO THE COURT'S JURISDICTION**

None.

**VII.  DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES TO BE DECIDED BY PRETRIAL MOTIONS**

**A.    Plaintiffs' Statement.**

Plaintiffs foresee bringing no dispositive motions.

**B.    Defendants' Statement.**

1.     Whether Plaintiffs timely filed their claims.

2.     Whether, as a matter of law and of fact, appraisals conducted after Plaintiffs signed their purchase agreements caused them damage.

3.     Whether Plaintiffs have standing to bring their claims.

4.     Whether Plaintiffs pled their claims with sufficient particularity.

5.     Whether Defendants committed the predicate acts necessary to support a RICO claim.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

651664.03

6.    Whether Plaintiffs' fraud-on-the-market theory can support a RICO claim.

7.    Whether Plaintiffs can show a pattern of racketeering activity.

8.    Whether a RICO enterprise exists.

9.    Whether Defendants had a specific intent to defraud Plaintiffs.

10.   Whether California's UCL statute applies to Plaintiffs here.

11.   Whether Defendants committed unlawful, unfair or deceptive conduct in violation of California's UCL statute.

12.   Whether Plaintiffs' unjust enrichment claim fails because a contract governs the parties' relationship.

13.   Whether Defendants had an enrichment, and the Plaintiffs an impoverishment, that are connected and unjustified.

14.   Whether RESPA bars Plaintiffs' RICO claims.

15.   Whether the PSLRA bars Plaintiffs' RICO claims.

## VIII.   SUITABILITY OF CASE FOR REFERENCE TO ARBITRATION, TO A MASTER, OR TO A MAGISTRATE JUDGE FOR TRIAL

The parties do not consider this case suitable for reference to arbitration or to a United States Magistrate Judge for trial.  Reference to a Magistrate Judge for discovery disputes, however, may be warranted.  The Countrywide/LandSafe defendants believe that reference to a special master for discovery disputes also may be warranted.

## IX.   STATUS OF RELATED CASES PENDING BEFORE OTHER JUDGES OF THIS COURT OR BEFORE OTHER COURTS

Plaintiffs' counsel filed a similar, putative class action, Haase v. KB Home, No. CV09-4339 ODW (FMOx) (C.D. Cal.), after they had filed this action.  KB Home has filed a motion to stay that action pending resolution of the motions to dismiss in this action. Defendants have also filed motions to dismiss.

A preexisting non-class action is also pending in California state court action, Bolden v. KB Home, BC385040 (Los Angeles Superior Court).  The complaint here partially relies upon the Bolden complaint.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

## X.      INITIAL DISCLOSURES

The parties agree to provide Rule 26 initial disclosures by October 2, 2009.

## XI.     PROPOSED DEADLINES

The parties jointly propose the following schedule:[1]

| EVENT | PROPOSED DATE |
|---|---|
| Motions to amend and to join additional parties | November 27, 2009 |
| Plaintiffs move for class certification and provide expert reports in support of class certification; Defendants may depose Plaintiffs' class certification experts | April 2, 2010 |
| Defendants oppose class certification and provide expert reports in support of the opposition; Plaintiffs may depose Defendants' class certification experts | May 28, 2010 |
| Plaintiffs file reply in support of class certification | July 9, 2010 |
| Plaintiffs provide merits expert reports | October 1, 2010 |
| Defendants provide merits expert reports | December 1, 2010 |
| Final Rule 26(a)(3) disclosures | December 15, 2010 |
| Rebuttal expert reports | February 1, 2011 |
| Close of all discovery | March 18, 2011 |
| Dispositive motion deadline | May 5, 2011 |
| Motion in limine deadline | August 8, 2011 |
| Hearing on motions in limine | September 2, 2011 |
| File joint proposed pretrial order | September 5, 2011 |
| Final pretrial conference | September 16, 2011 |
| Trial date | October 4, 2011 |

## XII.    ESTIMATED LENGTH OF TRIAL

The parties estimate that the trial in this case will take 10 to 15 judicial days.

---

[1] Defendants dispute the propriety of class certification.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

9

651664.03

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

**XIII.   WHETHER A JURY TRIAL HAS BEEN REQUESTED**

Plaintiffs requested a jury trial.

DATED this 18th day of September, 2009.

HAGENS BERMAN SOBOL                    BRYAN CAVE LLP
SHAPIRO LLP

By: s/ James D. Smith (with consent)     By:     s/ James D. Smith
    Steve W. Berman                              Robert W. Shely
    Thomas E. Loeser                             James D. Smith
    Genessa Stout                                Jonathan G. Brinson
    1301 Fifth Avenue, Suite 2900                Two N. Central Ave., Suite 2200
      Seattle, Washington 98101                  Phoenix, Arizona 85004

    -and-                                    Attorneys for Defendants Countrywide
                                             Financial Corporation; Countrywide
    Robert B. Carey                          Home Loans, Inc.; Countrywide
    Donald Andrew St. John                   Mortgage Ventures, LLC; Countrywide-
    HAGENS BERMAN SOBOL                      KB Home Loans; LandSafe, Inc.;
      SHAPIRO LLP                            LandSafe Appraisal Services, Inc.
    2425 E. Camelback Road, Suite 650
    Phoenix, Arizona 85016
    Attorneys for Plaintiffs

                                         MUNGER, TOLLES & OLSON LLP


                                         By:     s/ James D. Smith (with consent)
                                                 Brad D. Brian
                                                 Bruce A. Abbott
                                                 Hailyn J. Chen
                                                 Peter C. Renn
                                                 355 S. Grand Avenue, 35th Floor
                                                 Los Angeles, California  90071

                                                 -and-

                                                 Patricia Lee Refo
                                                 SNELL & WILMER LLP
                                                 One Arizona Center, 400 East Van Buren
                                                 Phoenix, Arizona  85004-2202

                                                 Attorneys for KB Home

651664.03

The foregoing is being electronically filed
with the Court and electronically served
this 18th day of September, 2009.

Robert B. Carey
Donald Andrew St. John
Hagens Berman Sobol Shapiro LLP
2425 E. Camelback Road, Suite 650
Phoenix, Arizona 85016

Steve W. Berman
Thomas E. Loeser
Genessa Stout
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101

Attorneys for Plaintiffs

Brad D. Brian
Bruce A. Abbott
Hailyn J. Chen
Peter C. Renn
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560

Patricia Lee Refo
Snell & Wilmer LLP
One Arizona Center
400 E. Van Buren Street
Phoenix, Arizona 85004-2202

Attorneys for KB Home

s/ Amy Robinson

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

651664.03