**HAGENS BERMAN SOBOL SHAPIRO LLP**
Robert B. Carey #011186
Donald Andrew St. John #024556
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
E-Mail: andy@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman WSBA #12536
Thomas E. Loeser WSBA #38701
Genessa Stout WSBA #38410
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-Mail: steve@hbsslaw.com
        toml@hbsslaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NATHANIEL JOHNSON and KRISTEN PETRILLI, ABRAHAM NIETO; GLORIA and CHARLES LEWIS; FABIAN and MARIE PATRON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KB HOME, a Delaware corporation; COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation; COUNTRYWIDE HOME LOANS, INC., a New York corporation; COUNTRYWIDE MORTGAGE VENTURES, LLC, a Delaware company; COUNTRYWIDE-KB HOME LOANS, an unincorporated association of unknown form, LANDSAFE, INC., a Delaware corporation; LANDSAFE APPRAISAL SERVICES, INC., a California corporation; and DOES 1 through 1000,<br><br>Defendants. | No. CV-09-972-PHX-FJM<br><br>**PLAINTIFFS' REPLY TO KB HOME'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES FROM KB HOME** |

In its opposition to Plaintiffs' Motion to Compel, KB Home confirms its failure to produce documents in a timely manner and in accordance with the Rules.  For the first time, KB Home estimates that it is reviewing nearly one million pages of discovery, yet only a small fraction of that has been produced.  KB Home also confirms that no further productions will occur until *after* Plaintiffs' deadline for expert disclosure passes on March 5, 2010.  Further, as of yesterday (March 1, 2010), KB Home started categorizing its non-email responses and producing an additional ESI "load file" that will provide information as to the source of the documents that have been produced.  These ongoing productions do not, however, lessen the prejudice caused by KB Home's late and insufficient production or permit a timely evaluation by Plaintiffs.

KB Home claims that "the only issue presented by Plaintiffs' motion is whether or not KB Home is required to provide a designation as to which requests each document is responsive."  This is only half right.  Plaintiffs also have requested that KB Home provide its responsive discovery in sufficient time for Plaintiffs' experts to incorporate the evidence into their reports, with sufficient time to digest this enormous amount of material to take depositions before the discovery cutoff and with a description of the custodians searched so that Plaintiffs can assess whether an adequate search has been performed.  With experts' reports due in just days, Plaintiffs cannot avoid or recover from this lack of information.

As to Plaintiffs' request for categorization, KB Home sets forth only a partial picture.  In *Conrail v. Grand Trunk W. R.R. Co.*, 2009 U.S. Dist. Lexis 118394, at *7-8 (E.D. Mich. Dec. 18, 2009), the court held:

> The party arguing that it produced documents as they were kept in the usual course of business bears the burden of showing that the documents were so kept. *Nolan, L.L.C. v. TDC Intern. Corp.*, No. 06-cv-14907, 2007 U.S. Dist. Lexis 84406, 2007 WL 3408584, at *2 (E.D. Mich. November 15, 2007). A party does so by revealing such information as where the documents were maintained, who maintained them, and whether the documents came from one single source or file or from multiple sources or files.

Even including the information KB Home provided the day it filed its Opposition to Plaintiffs' Motion to Compel, KB Home has yet to indicate "whether the documents

1  came from one single source or file or from multiple sources or files."

2  By way of example of the difficulties caused by KB Home's non-designated partial production, during review of the production to date, Plaintiffs discovered a business plan document for the Countrywide/KB Home Loans joint venture, which is a central aspect of the case.  The clearly responsive document reports results and sets forth plans for the joint venture.  The document related to 2009, but Plaintiffs could find no similar document for any other year in the class period.  Plaintiffs informally inquired of KB Home as to whether this document existed for other years and KB Home promptly responded that it had located versions for the other years in the Class period, *and would produce them in its next production on March 8.*  Absent their special inquiry, Plaintiffs would have had no way to know that these additional responsive documents existed and were forthcoming.  Furthermore, given the impending deadlines in the case, once these documents were "located," there was no reason for KB Home to withhold them until after the expert cut-off.  Finally, this example shows that KB Home's sporadic production to date prevents Plaintiffs from ascertaining a true picture of the evidence supporting their allegations, or even ascertaining what has been produced and what may be forthcoming.

KB Home has frustrated Plaintiffs' ability to comply with the Court's Scheduling Order through its delay in producing discovery and providing information reasonably necessary for Plaintiffs to review and evaluate the information provided.  Plaintiffs request immediate production, and if that is impossible, Plaintiffs request the Court shift the prejudice back onto KB Home through modification of the Scheduling Order with a tight production deadline while providing Plaintiffs the period contemplated in the initial Scheduling Order.

Plaintiffs respectfully suggest that both KB and Countrywide appear to be poised to produce substantial quantities of documents.  It takes time to file, analyze and study these documents prior to commencing depositions and thus any revised order on scheduling should account for that.  The delay is not the fault of Plaintiffs who have been pushing for timely responses since November 2009.

1     DATED: March 2, 2010

                            HAGENS BERMAN SOBOL SHAPIRO LLP

                            By    s/ Robert B. Carey
                                Robert B. Carey
                                Donald Andrew St. John
                         11 West Jefferson Street, Suite 1000
                         Phoenix, Arizona 85003

                         By    s/ Steve W. Berman
                                Steve W. Berman
                                Thomas E. Loeser
                         1918 Eighth Avenue, Suite 3300
                         Seattle, Washington 98101
                         *Attorneys for Plaintiffs and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2010, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

- **Bruce A. Abbott**
  Bruce.Abbott@mto.com,
- **Steve W. Berman**
  steve@hbsslaw.com
- **Brad D. Brian**
  Brad.Brian@mto.com
- **Jonathan Grant Brinson**
  jonathan.brinson@bryancave.com
- **Robert B. Carey**
  rcarey@hbsslaw.com
- **Hailyn J. Chen**
  hailyn.chen@mto.com
- **Truc T. Do**
  truc.do@mto.com
- **Kelly Ann Kszywienski**
  kkszywienski@swlaw.com
- **Thomas Loeser**
  toml@hbsslaw.com
- **William Thomas Luzader , III**
  wtl@kflawaz.com
- **Patricia Lee Refo**
  prefo@swlaw.com
- **Peter C. Renn**
  Peter.Renn@mto.com
- **Robert W. Shely**
  rwshely@bryancave.com
- **James Demosthenes Smith**
  jdsmith@bryancave.com
- **Donald Andrew St. John**
  andy@hbsslaw.com
- **Genessa A. Stout**
  genessa@hbsslaw.com

COPIES of the foregoing also served by
hand-delivery on March 2, 2010:

Patricia Lee Refo
Snell & Wilmer LLP
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202

*Attorneys for Defendant KB HOME*

Robert W. Shely
James D. Smith
Jonathan G. Brinson
Bryan Cave LLP
2 North Central Ave., Suite 2200
Phoenix, AZ 85004-4406

*Attorneys for Defendants Countrywide Financial Corporation; Countrywide Home Loans, Inc.; Countrywide Mortgage Ventures, LLC; Countrywide- KB Home Loans; LandSafe, Inc.; LandSafe Appraisal Services, Inc.*

         By  s/ Steve W. Berman
           Steve W. Berman